Filed 6/18/26  P. v. Regla CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NICANOR REGLA,<br><br>    Defendant and Appellant. | F089854<br><br>(Super. Ct. No. BF192993A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Nicanor Regla, in pro. per; and Omer A. Khan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Harrell, J.

A jury convicted defendant Nicanor Regla of willful failure to register as a sex offender (Pen. Code, § 290, subd. (b)).[1]  Defendant's appellate counsel makes no claim of error and requests our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  (See also *In re Kevin S.* (2003) 113 Cal.App.4th 97.)  Counsel filed an opening brief that sets forth the relevant facts of the case.  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  Defendant filed a letter maintaining his innocence and requesting a new trial.  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was convicted of a crime prior to November 1, 2020 that required him to register as a sex offender pursuant to section 290, subdivision (b).  Defendant had previously registered with the Kern County Sheriff's Department, classified himself as a "transient" "hanging out in Lost Hills, in Shafter," and registered again on November 3, 2022.  The sex offender registration form notifies the offender that they must register a change in residence within five working days and register each residence where they regularly reside regardless of the number of days or nights spent there.  The form also provides examples of residences, including shelters or structures located near a street address and recreational or other vehicles.  Although the registration required identifying those cross streets frequented by a transient individual, defendant did not provide that information.

Former Sergeant Mark Chambless of the Kern County Sheriff's Department attempted to assist defendant register on September 29, 2022.  While fingerprinting defendant, they had a disagreement, and Chambless directed defendant to wait outside to

---

[1]     Undesignated statutory references are to the Penal Code.

calm down. Defendant left without completing the registration process. Approximately one week later, when defendant had not returned to complete registration, Chambless executed a probable cause declaration alleging that defendant failed to register. Defendant returned to the office on October 28, 2022, and was arrested.

Chambless became suspicious that defendant may not have been transient because he had multiple bank cards, a large amount of cash, a driver's license, and a vehicle parked near the office, occupied by defendant's dog. Chambless later obtained a search warrant permitting him to attach a tracking device to defendant's vehicle. Chambless and sheriff deputies monitored the tracking device, which indicated that defendant frequented a rural property equipped with a metal shop, a recreational trailer, and several vehicles associated with defendant.

Chambless first observed defendant at the trailer with his dog on November 3, 2022, and saw defendant going in and out of it. The trailer appeared to have been there for some time, as it had an awning and lawn chairs set up and was not attached to a vehicle. Defendant's vehicle was observed at the location approximately four times, and tracking information indicated that the vehicle was located there at night.

Chambless spoke with defendant on November 3, 2022, when he came to the office to register. He explained to defendant that if defendant frequented a location where he regularly slept, he needed to register that location and, no longer being considered transient, he would not be required to register every 30 days. Chambless believed that defendant was living at a location that he failed to reveal and hoped to gain defendant's compliance, but defendant still did not register the trailer property as a residence.

After defendant again registered as transient on December 5, 2022, he was arrested. Officers executed a search warrant at the trailer, which was registered to defendant. Defendant's dog was found at the trailer. The refrigerator was filled with food, the closet had neatly hung shirts, and men's toiletries were found in the bathroom that included a prescription bottle with defendant's name. Officers found other personal

3.

items belonging to defendant, including a social security card, previous driver's license cards, and photographs. Defendant's truck was attached to a utility or storage trailer. Using a key to the utility trailer, which was found in the recreational trailer, officers found additional items belonging to defendant that included paperwork in his name. The items found at the location supported Chambless's conclusion that defendant had been living there for several years.

The trailer property was located approximately 15 miles from Shafter and 30 miles from Lost Hills. The tracker on defendant's vehicle never traveled to either Lost Hills or Shafter.

Defendant testified that he moved from Texas in 2019 and used the trailer for storage of the items moved from his house in Texas. Defendant claimed that he never lived in the trailer and, instead, slept in his car, which he parked in whatever location was available. The owner of the property hired defendant as a guard at night and permitted him to use the property to store his belongings in exchange.

The District Attorney of Kern County filed an amended information on March 19, 2025, charging defendant with failing to register as a sex offender (§ 290, subd. (b); count 1) and false registration information (§ 290.018, subd. (j); count 2) and alleging that he had suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12).[2] Several aggravated sentencing circumstances were also alleged (Cal. Rules of Court, rule 4.421(a)(8), (b)(1), (3)). Defendant pleaded not guilty and denied all allegations.

The trial court granted the prosecutor's motion to dismiss count 2, and the jury convicted defendant of count 1 on April 3, 2025. After defendant waived his right to a jury trial on the prior strike conviction allegation, the court found it true. The court

---

[2] Defendant was convicted of continuous sexual abuse of a child under the age of 14 years (§ 288.5).

4.

dismissed the allegations pursuant to rule 4.421(b)(1) and (3) of the California Rules of Court upon the prosecutor's motion and found the remaining factor in aggravation not true.

The trial court granted defendant's motion to strike his prior strike conviction at his sentencing hearing on May 2, 2025. The court suspended imposition of sentence and placed defendant on a two-year term of probation. The court further found that defendant had no ability to pay fees or fines, except for a $300 probation revocation restitution fine, which the court imposed and suspended.

Defendant filed a timely notice of appeal on May 20, 2025.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.